UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                              CRIMINAL NO. 3:14-CR-65-GNS-1

PHONG Q. NGUYEN                                             DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon the Motion for *Franks* Hearing and Motion to Suppress Search filed by Defendant Phong Nguyen ("Nguyen"). (Def.'s Mot. for *Franks* Hr'g & Mot. to Suppress, DN 55). Fully briefed, this motion is ripe for a decision. For the following reasons, Nguyen's motion is **DENIED**.

## I. SUMMARY OF FACTS AND CLAIMS

At issue in this case is a warrant issued on May 7, 2014, by Magistrate Judge Dave Whalin to Special Agent Bradley K. Leveritt ("Leveritt") of the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF") to search Nguyen's residence at 10304 Arbor Oak Drive in Louisville, Kentucky ("Arbor Oak Drive").  The search warrant was issued in response to an application by Leveritt, whose accompanying affidavit contained the following information:

- On December 8, 2012, Louisville Metro Police ("LMP") stopped Thien Le ("Le") and found him to be in possession of five pounds of marijuana (Aff. in Supp. of Search Warrant, ¶ 14, DN 61-5 [hereinafter "Leveritt Aff."]). On the same day, the LMP executed a search warrant for Le's residence and found additional marijuana as well as a stolen handgun. (Leveritt Aff. ¶ 14).

- When questioned by a federal agent, Le admitted to having prior drug narcotics sales with Nguyen. (Leveritt Aff. ¶ 13). In particular, Le described to agents an ongoing operation—in conjunction with Nguyen—involving biweekly shipments of narcotics from Oakland, California, to Louisville, Kentucky. (Leveritt Aff. ¶ 13).

- On January 16, 2014, Nguyen was in the custody of Jefferson County Metro Corrections (Def.'s Mot. for *Franks* Hr'g & Mot. to Suppress 1) after being arrested pursuant to a bench warrant issued for possession of cocaine. (Leveritt Aff. ¶ 10, DN 61-5). While detained, Nguyen spoke by telephone several times to his girlfriend, co-Defendant Michelle Ignacio ("Ignacio"), who related that she had been moving belongings from "home" to "the new spot."[1] (Resp. to Mot. for *Franks* Hr'g & Mot. to Suppress, Ex. 1 at 2, 5-7, DN 61-1)

- In one of the phone conversations, Ignacio stated to Nguyen, "I'm going back home, I just dropped everything off over here," and "I got our most important stuff over here right now," specifically "the firearms." (Def.'s Mot. for *Franks* Hr'g & Mot. to Suppress 1). Nguyen "condescendingly" replied, "say it a little louder."[2] (Leveritt Aff. ¶ 10).

- The day before the jail phone conversations outlined above, Nguyen and Ignacio filed a form with the U.S. Postal Service changing their mailing address from 3721 Tuscany Valley Drive, also in Louisville, ("Tuscany Valley Drive"), to Arbor Oak Drive.  (Leveritt Aff. ¶ 9).

---

[1] Of course, these conversations were recorded by jail personnel.
[2] Investigators did not review these phone calls until April 28, 2014. (Leveritt Aff. ¶ 10).

- On April 30, 2014, the Federal Bureau of Investigation forwarded to investigators a hand-written letter from Truong Nguyen ("Truong") dated April 29, 2014. (Leveritt Aff. ¶ 12). Truong stated in the letter that he had personal knowledge that Nguyen received large shipments of narcotics from Oakland, California, every two weeks, that both Nguyen and Le possessed firearms, and that law enforcement should be careful when "dealing with these individuals." (Leveritt Aff. ¶ 12). Truong's letter also described Nguyen's drug operation consistent with Le's December 2012 statements. (Leveritt Aff. ¶¶ 12-13).

- Leveritt stated that: "[i]t is believed that [Arbor Oak Drive] is the new address that IGNACIO was referencing when she told NGUYEN that she had moved the 'firearms' and two safes," and "[i]t is a common fact to ATF and law enforcement in general that persons who possess firearms generally tend to hold on to them for long periods of time . . . ." (Leveritt Aff. ¶¶ 10, 15).

Based on the application and Leveritt's affidavit, Judge Whalin issued the search warrant authorizing agents to search the Arbor Oak Drive residence for firearms and related objects. (Search Warrant 1, DN 61-5 at 1). A search of that residence was conducted on May 9, 2014, which found firearms as well as drugs. (Resp. to Mot. for *Franks* Hr'g & Mot. to Suppress 4, DN 61). On July 16, 2014, a grand jury sitting in the Western District of Kentucky returned an indictment against Nguyen with ten charges related to the firearms and drugs seized from the search. (Indictment, DN 13).

On October 1, 2014, Nguyen filed a Motion for *Franks* Hearing and Motion to Suppress Search. (Def.'s Mot. for *Franks* Hr'g & Mot. to Suppress, DN 55). Upon referral, Judge Whalin recommended the denial of Nguyen's motion. (DN 65 at 26). Nguyen timely filed objections to

the recommendation (DN 67), which were heard by the Court on February 9, 2015 (Order, DN 74). This motion is thus fully briefed and ripe for a decision.

## II. <u>DISCUSSION</u>

In the motion, Nguyen argues that "the affidavit in support of the warrant contains a false and misleading statement in violation of *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674 (1968) . . . ." (Def.'s Mot. for *Franks* Hr'g & Mot. to Suppress 1-2). He also argues that "the affidavit fails to state probable cause to believe that evidence of crime is likely to be found in the *place* to be searched at the *time* of the search." (Def.'s Mot. for *Franks* Hr'g & Mot. to Suppress 2). Both arguments are addressed below.

### A.  *Franks* <u>Hearing</u>

To warrant a *Franks* hearing based on allegations that the affidavit in support of a search warrant contained a false or misleading statement, the defendant must show that "the supporting affidavit contains a statement, necessary to the finding of probable cause, that is later demonstrated to be false and included by an affiant knowingly and intentionally, or with a reckless disregard for the truth." *United States v. Duval*, 742 F.3d 246, 250 (6th Cir. 2014).

The Sixth Circuit has "repeatedly held that there is a higher bar for obtaining a *Franks* hearing on the basis of an allegedly material omission as opposed to an allegedly false affirmative statement." *United States v. Neal*, 577 F. App'x 434, 450 (6th Cir. 2014) (citing *United States v. Fowler*, 535 F.3d 408, 415 (6th Cir. 2008)). Indeed, "*Franks* is 'inapplicable to the omission of disputed facts,' except in the 'very rare case where the defendant makes a strong preliminary showing that the affiant *with an intention to mislead* excluded critical information from the affidavit, and the omission is critical to the finding of probable cause.'" *United States v.*

*Hanna*, 661 F.3d 271, 286 (6th Cir. 2011) (emphasis in original) (citing *Mays v. Dayton*, 134 F.3d 809, 816 (6th Cir. 1998)).

In his affidavit supporting the search warrant for the Arbor Oak Drive residence, Leveritt included the following:

> On 28 April 2014 investigators reviewed jail phone calls made to the Jefferson County Corrections Center from Michelle IGNACIO to Phong NGUYEN from telephone number (502) 994-2792 for the date of 16 January 2014. NGUYEN was incarcerated on an outstanding bench warrant in Jefferson County for Possession of a Controlled Substance, Cocaine. IGNACIO mentioned having moved all the "important things" to *the new house* as well as moving two safes.

(Leveritt Aff. 10 (emphasis added)). In his motion, Nguyen objects to the emphasized words and states that it was reckless for Leveritt to paraphrase Ignacio's words from the phone call in that manner given the context set by the rest of the call. (Def.'s Mot. for *Franks* Hr'g & Mot. to Suppress 2). Nguyen also questions Leveritt's characterization of Ignacio's statement that "I'm going back home. I just dropped everything off over here." (Def.'s Mot. for *Franks* Hr'g & Mot. to Suppress 2 (internal quotation marks omitted)). Nguyen argues that "here" is clearly somewhere other than "home," given that she was going back home after dropping everything "here," and that there was no probable cause to believe that "here" referenced the new home on Arbor Oak Drive. (Def.'s Mot. for *Franks* Hr'g & Mot. to Suppress 2).

It is not clear whether Nguyen objects to the inclusion of the sentence mentioning the new house, objects to the omission of the rest of the phone conversations, or both. Nguyen complains that the affidavit does not mention other parts of the call, and also asserts that the paraphrasing of Ignacio's statement was reckless. (Def.'s Mot. for *Franks* Hr'g & Mot. to Suppress 2). Nguyen argues that "[t]he government has inferred that 'here' is the new house for which the search warrant was sought, but that inference was fed to the issuing judge as a fact in

5

the affidavit instead of letting the judge determine the implications and inferences from his neutral position," and "[t]his reckless disregard for the truth in the affidavit requires a *Franks* hearing to determine if the affidavit supports a finding of probable cause without the misstated facts." (Reply, DN 63).

The standard for a *Franks* hearing based on a false or misleading affirmative statement calls for a lower *mens rea* threshold, *i.e.*, recklessness is sufficient, but with respect to an omission, the defendant must show an intention to deceive. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978); *Hale v. Kart*, 396 F.3d 721, 726 (6th Cir. 2005) (quoting *Mays v. City of Dayton*, 134 F.3d 809, 816 (6th Cir. 1998)). Proving a false affirmative statement requires a less stringent standard as to the showing necessary, *i.e.*, a demonstration that a statement is false, rather than a strong preliminary showing of exclusion. *Compare Duval*, 742 F.3d at 250, *with Hanna*, 661 F.3d at 286. Though unclear from Nguyen's motion, the Court will allow Nguyen the benefit of the doubt and apply the lower standard afforded allegations that an affidavit in support of a search warrant included a false statement.

The Court's review of Leveritt's affidavit reveals no misstatement of fact, but instead an expressed "belief" that Ignacio was referring to Arbor Oak Drive as the place to which she was moving her and Nguyen's belongings when she spoke to Nguyen in jail on January 16, 2014. (Leveritt Aff. ¶ 10). In support of his belief, Leveritt noted that several vehicles associated with Nguyen, **including a moving van**, were observed at Nguyen's Tuscany Valley Drive residence on January 14, 2014, and that some of those same vehicles were subsequently seen at Arbor Oak Drive. (Leveritt Aff. ¶¶ 6-8). Bridging these two locations was the change of address form Nguyen and Ignacio filed with the postal service indicating they were moving (hence the **moving van**) from Tuscany Valley Drive to Arbor Oak Drive on January 15, 2014. Thus it seems not

only reasonable, but almost unquestionable, that when Ignacio told her boyfriend on January 16, 2014, that she was "moving their stuff" to the "new place", that place was the Arbor Oak Drive residence. Leveritt's stated inference in this regard was solidly supported by the facts he laid out in the application for the search warrant.

Logical inferences cannot constitute false or misleading statements. *See Blakeney v. United States*, 191 F.3d 451, at *4 (6th Cir. 1999) (table). In *Blakeney*, a petitioner challenged his conviction pursuant to 28 U.S.C. § 2255 alleging that the affidavit in support of a search warrant contained an intentionally false statement. *Id.*, at *1. In that affidavit, a law enforcement agent stated he saw a co-defendant of petitioner's take a plastic garbage bag from his trunk and place it in a dumpster. *Id.*, at *2. In fact, the agent saw the co-defendant retrieve the garbage bag from his trunk, saw him walk around a building with it, and return empty handed. *Id.*, at *1. He then looked into the dumpster behind the building once the co-defendant had left the area, and saw one plastic garbage bag that looked identical to the one that the co-defendant had carried behind the building. *Id.* The Sixth Circuit found that "[t]here [was] no indication that [the agent's] statement was anything other than a permissible and logical inference, and Petitioner has presented no evidence which would establish that [the agent] made a false statement knowingly or recklessly, as required by *Franks*." *Id.*, at *4.

This case requires the same conclusion as *Blakeney*. Leveritt knew that Nguyen and Ignacio had changed their address the day before Nguyen was lodged in jail and that vehicles linked to Nguyen were seen parked at or near the Arbor Oak Drive residence after the change of address form was filed. Coupled with the conversation between Nguyen and Ignacio on January 16, 2014, Leveritt's inference that "the new spot" was the residence at Arbor Oak Drive was both permissible and logical. Nguyen has failed to demonstrate that any statements in Leveritt's

7

affidavit were false, much less that they were recklessly made or intentionally deceptive. Therefore, Nguyen is not entitled to a *Franks* hearing.

    **B.**    <u>**Probable Cause to Issue the Search Warrant**</u>

    Nguyen also challenges the existence of probable cause for the issuance of the search warrant. As he has framed his argument, he maintains that there are two central issues: (i) whether the affidavit established probable cause to search his residence at Arbor Oak Drive specifically; and (ii) whether the information contained in the affidavit was stale. (Def.'s Mot. for *Franks* Hr'g & Mot. to Suppress 3-5).

    **1.**    *Probable Cause as to Place*

    "The Fourth Amendment guarantee of liberty against unreasonable searches and seizures requires warrants, based upon probable cause, describing with particularity the place to be searched and the persons and things to be seized." *United States v. Archibald*, 589 F.3d 289, 301 (6th Cir. 2009). "The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." *United States v. Evers*, 669 F.3d 645, 651 (6th Cir. 2012) (quoting *United States v. Richards*, 659 F.3d 527, 536 (6th Cir. 2011)) (internal quotation marks omitted). If the proponent establishes a prima facie case, the burden of proof shifts to the government to show that a Fourth Amendment violation did not occur. *Johnson v. Havener*, 534 F.2d 1232, 1234 (6th Cir. 1976). Nguyen argues that there was not a sufficient nexus between Arbor Oak Drive residence and the items to be seized to establish probable cause. (Def.'s Mot. for *Franks* Hr'g & Mot. to Suppress 3).

    "To demonstrate probable cause to justify the issuance of a search warrant, an affidavit must contain facts that indicate a fair probability that evidence of a crime will be located on the premises of the proposed search." *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005)

(internal quotation marks omitted). "Whether this standard is met depends on the totality of the circumstances." *United States v. Elbe*, 774 F.3d 885, 889 (6th Cir. 2014). "The review of the sufficiency of evidence supporting probable cause is limited to the information presented in the four corners of the affidavit."[3] *United States v. Ray*, 577 F. App'x 526, 531 (6th Cir. 2014) (citation omitted).

Nguyen argues first that there is no allegation that anyone had seen firearms at his residence or had seen Nguyen in possession of a firearm. (Def.'s Mot. for *Franks* Hr'g & Mot. to Suppress 3). Nguyen also claims that the attempt to tie him to the drug trade and thus to firearms through Le's statements in December 2012 and Truong's letter of April 29, 2014 did not establish probable cause because Le did not mention firearms and Truong's letter did not identify Nguyen's residence or the basis for Truong's knowledge. (Def.'s Mot. for *Franks* Hr'g & Mot. to Suppress 3).

Nguyen's first argument would impose a higher standard than probable cause. Probable cause requires a "fair probability that evidence of a crime will be located on the premises of the proposed search," *not* certainty or near-certainty. *Frazier*, 423 F.3d at 531. Neither Leveritt nor any other investigator, cooperating witness, or confidential informant would need to see Nguyen personally in possession of a firearm or see a firearm at his residence; that is beyond the standard of probable cause.

As established above in Part A, the affidavit alleged that Ignacio indicated that she had moved firearms to Arbor Oak Drive. Nguyen's condescending response ("Yeah, say it a little louder.") appeared to recognize that (i) he was aware of the existence of the firearms, and (ii) he was aware that Ignacio's statements were inculpatory. Given the totality of the circumstances,

---

[3] In analyzing the issue of probable cause, the Court has limited its review solely to the portions of telephone conversations referenced in Leveritt's affidavit.

including the fact that Ignacio intimated that she had moved Nguyen's firearms to Arbor Oak Drive and that Nguyen implicitly affirmed that he possessed firearms, the affidavit in support of the search warrant was sufficient to establish probable cause for Arbor Oak Drive as the location to be searched.

Though the Court has found that there was a sufficient nexus between the firearms and Nguyen's residence, the Court nevertheless addresses Nguyen's second argument that Le's statements did not mention firearms and that Truong's letter did not identify Nguyen's residence or Truong's basis for that information. While Le did not mention firearms in his statements to the police, a search of Le's residence four days earlier revealed that he was in possession of a stolen firearm. This supports a finding that firearms were carried by members of the drug trafficking organization to which law enforcement officials believed Le and Nguyen belonged. (Leveritt Aff. ¶ 12). In his statements, Le admitted to having narcotic sales experience with Nguyen and provided information about the narcotic trade in which they had been involved. (Leveritt Aff. ¶ 13). Le thus ties Nguyen to the drug trade in his statement against interest. Leveritt further expressed in his affidavit that "persons in the drug trade possess/use firearms to support and protect their drug trade business."[4] (Leveritt Aff. ¶ 15).

---

[4] Law enforcement officers have provided testimony in a large number of cases that those who are involved in trafficking in illicit substances tend to possess firearms to protect themselves or their product. *See United States v. Hornbeak*, 575 F. App'x 618, 620-21 (6th Cir. 2014) (finding that an ATF agent was qualified to testify that "drugs and guns go 'hand in hand'"); *United States v. Mohammed*, 501 F. App'x 431, 439 (6th Cir. 2012) ("[T]he jury heard testimony from several officers that drug dealers commonly possess and carry firearms to protect themselves and their narcotics."); *United States v. Davidson*, 452 F. App'x 659, 663 (6th Cir. 2011) ("[DEA] Agent Lewis testified that drug dealers often possess firearms to protect themselves and their businesses."); *United States v. Street*, 614 F.3d 228, 236 (6th Cir. 2010) ("[A] DEA agent testified that drug dealers often carry guns to protect themselves and their drugs."); *United States v. Bailey*, 553 F.3d 940, 952 (6th Cir. 2009) ("[P]olice testified in each case regarding the proclivity of drug dealers to carry firearms."). Knowledge that illicit substances and firearms go "hand in hand" could be considered common knowledge. (Leveritt Aff. ¶ 15).

In his April 2014 letter, Truong also alleged that Nguyen was involved in the narcotics trade, which mirrored details of Le's previous statement that he had narcotic sales experience with Nguyen, including bi-weekly shipments of drugs to Louisville from Oakland, California. (Leveritt Aff. ¶ 12). In his letter, Truong also disclosed that Nguyen possessed firearms, consistent with law enforcement's discovery that members of the particular drug trafficking organization possessed firearms, and with the principle that drugs and firearms often occur together. (Leveritt Aff. 12). Thus, Truong's letter is corroborated as to narcotics trafficking by Le's prior statement against interest and is partially corroborated as to firearms by the discovery of a stolen firearm at Le's residence.[5] This information is in addition to Ignacio's explicit reference to possessing firearms to Nguyen in their phone conversation on January 16, 2014. The totality of the circumstances outlined in Leveritt's affidavit established probable cause to support a warrant to search for firearms at Nguyen's residence at Arbor Oak Drive. It is not necessary either that Le mentioned firearms or that Truong mentioned Nguyen's residence or the basis for his knowledge. For these reasons, Nguyen's second argument fails.

## 2.     *Staleness of Information Supporting Probable Cause*

Nguyen's final argument is that Leveritt's affidavit did not establish probable cause due to staleness. (Def.'s Mot. for *Franks* Hr'g & Mot. to Suppress 3). As the Sixth Circuit has noted, "'[t]he function of a staleness test in the search warrant context is not to create an arbitrary time limitation within which discovered facts must be presented to a magistrate.' Rather, the question of staleness depends on the 'inherent nature of the crime.'" *United States v. Spikes*, 158 F.3d 913, 923 (6th Cir. 1998) (alteration in original) (internal citation omitted) (citation omitted).

---

[5] "The additional evidence substantiating an informant's reliability . . . may be any set of facts that support the accuracy of the information supplied by the informant." *United States v. May*, 399 F.3d 817, 824 (6th Cir. 2005).

"Evidence of ongoing criminal activity will generally defeat a claim of staleness." *United States v. Greene*, 250 F.3d 471, 481 (6th Cir. 2001) (citation omitted). In addition, "[w]here recent information corroborates otherwise stale information, probable cause may be found." *United States v. Spikes*, 158 F.3d 913, 924 (6th Cir. 1998) (citation omitted). *See also id.* ("Thus, even assuming the information in the affidavit was in some respects 'stale,' the more recent events related therein refreshed this otherwise stale information.").

In determining staleness, the Court applies the factors enunciated by the Sixth Circuit in *United States v. Abboud*, 438 F.3d 554 (6th Cir. 2006):

(1)  the character of the crime (chance encounter in the night or regenerating conspiracy?)
(2)  the criminal (nomadic or entrenched?)
(3)  the thing to be seized (perishable and easily transferrable or of enduring utility to its holder?)
(4)  the place to be searched (mere criminal forum or secure operational base?)

*Id.* at 572-73. When applied to the circumstances in this case, the staleness argument fails.

As to the first factor, the affidavit asserts that Nguyen is a convicted felon in possession of a firearm, which is an ongoing crime. (Leveritt Aff. ¶ 5). While one may possess a firearm for a short time, the affidavit also advises that Nguyen was convicted in this District in 2007 for trafficking cocaine. (Leveritt Aff. ¶ 5). Le asserted in December 2012 that he and Nguyen were involved in a drug operation, and Truong asserted by his April 2014 letter that Nguyen was still engaged in dealing drugs. (Leveritt Aff. ¶ 12). From this information, it is a reasonable to conclude that Nguyen's criminal involvement in the narcotics trade had not ceased but was instead part of a continuing enterprise. Given the premise that drugs and firearms often occur together and Truong's assertion that Nguyen possessed firearms, it is reasonable to conclude that the character of Nguyen's criminal activity was ongoing, more closely related to a regenerating

12

conspiracy than a chance encounter in the night. This factor weighs against a finding of staleness.

As to the second factor, Nguyen argues that his use of several vehicles to evade law enforcement is evidence of a nomadic, rather than entrenched, character. (Def.'s Mot. for *Franks* Hr'g & Mot. to Suppress 4-5). The Court finds this unpersuasive. The use of a number of *vehicles* to evade law enforcement is not evidence of a nomadic nature; it evinces an awareness of and an attempt to evade law enforcement surveillance, but does not suggest that Nguyen's activities were nomadic.

Nguyen also points to his response to Ignacio when she stated she had moved the firearms: "say it a little louder!" (Def.'s Mot. for *Franks* Hr'g & Mot. to Suppress 5). Nguyen claims that his reaction shows he was aware that law enforcement may have overheard the reference to the firearms, and so may have moved them in order to evade detection. (Def.'s Mot. for *Franks* Hr'g & Mot. to Suppress 5). He further asserts that the four months between the phone call in question and the application for a search warrant "is long enough for that evidence . . . to have grown stale." (Def.'s Mot. for *Franks* Hr'g & Mot. to Suppress 5). Given the connection between drugs and firearms, as discussed above, it is difficult to accept that Nguyen—who was cited by two sources in the affidavit as being involved in the narcotics trade with shipments arriving from California every two weeks—would eschew firearms at his residence for four months. It is far more likely that Nguyen retained the firearms, or at least one firearm, at his residence. Taken as a whole, this evidence does not prove staleness. *See Greene*, 250 F.3d at 481 (rejecting the argument of staleness even though the confidential informant's last drug purchase occurred 23 months prior to the search due to the continuous and ongoing nature of the drug trafficking because the information was refreshed by corroboration).

Leveritt's affidavit asserts that Nguyen was in the process of moving in January 2014 from what the Court interprets to be a single-family home into a different single-family home within the same city, based upon the absence of an apartment or unit number at either Nguyen's old or new residence. (Leveritt Aff. ¶ 9). Nguyen's choice of a single-family home as a residence coupled with his submission of a change of address form is sufficient to establish that Nguyen was entrenched, rather than nomadic. In fact, filing a change of address form with the USPS seems to be the antithesis of nomadic behavior. This factor also weighs against a finding of staleness.

The Court disagrees with Nguyen that the third factor is inconclusive regarding the nature of the item to be seized. (Def.'s Mot. for *Franks* Hr'g & Mot. to Suppress 5). It is true that firearms are easily transferable and are not perishable, or at least difficult to destroy entirely. The second part of the question accompanying this factor as enunciated in *Abboud*, however, is whether the thing to be seized is "of enduring utility to its holder." *Abboud*, 438 F.3d at 573. Firearms are most assuredly of enduring utility to their owners. Firearms may be kept in working condition for many years or decades, and are frequently passed from generation to generation. The affidavit contains statements by two sources that Nguyen is involved in narcotics trafficking; given the frequent coexistence of drugs and firearms, Nguyen would no doubt be expected to derive enduring utility from a firearm. This factor weighs against a finding of staleness.

As to the fourth factor, Nguyen argues that the place to be searched is not clearly established in the affidavit. (Def.'s Mot. for *Franks* Hr'g & Mot. to Suppress 5). This argument has been previously addressed above and that reasoning applies with equal force here. In short, the affidavit indicates that the place to be searched is the Arbor Oak Drive residence and establishes probable cause to search that location.

14

Finally, Nguyen also argues that there is no evidence that the location to be searched is a secure operational base. While the affidavit does not explicitly state that Nguyen ran his narcotics trade from the residence, it did inform that he had moved his safes, firearms, and "important stuff" there. It is a "commonsense fact accepted by courts across the country that drug dealing creates an almost inherent nexus between the dealer's home and the alleged crime." *United States v. Blake-Saldivar*, 505 F. App'x 400, 412 (6th Cir. 2012). For example, a sister court within the Sixth Circuit has held that a defendant's home constitutes a secure operational base. *See United States v. Yates*, 132 F. Supp. 2d 559, 565 (E.D. Mich. 2001) (The place to be searched was the defendant's home, suggesting that there was some permanence to the defendant's base operation."). Igancio's statement that she had moved "the important stuff" and the firearms to the new location strongly suggests that the residence at Arbor Oak Drive was indeed a nexus of Nguyen's criminal activity. Since there were indications that Nguyen's residence was a secure operational base, this factor also weighs against a finding of staleness.

The information contained in the affidavit in support of the search warrant for the residence at Arbor Oak Drive was not stale. Thus, the Court's determination as to the existence of probable cause remains as previously stated: the affidavit established probable cause to search Nguyen's residence for firearms.

### III. CONCLUSION

Nguyen has not shown that he entitled to a *Franks* hearing, nor has he established that the affidavit in support of the search warrant for his residence lacked probable cause. Accordingly, **IT IS HEREBY ORDERED** that Magistrate Judge Whalin's Findings of Fact Conclusions of Law and Recommendation (DN 65) are **ADOPTED**, that Nguyen's Objections to Findings of

Fact, Conclusions of Law, and Recommendation (DN 67) are **OVERRULED**, and that

Nguyen's Motion for *Franks* Hearing and Motion to Suppress Search (DN 55) is **DENIED**.

Greg N. Stivers, Judge
United States District Court

March 6, 2015

cc:      counsel of record

16