UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:14-CR-00065-GNS-1


UNITED STATES OF AMERICA                                                    PLAINTIFF


v.


PHONG Q. NGUYEN                                                            DEFENDANT


## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Return of Property (DN 168) and Defendant's Motion to Vacate Administrative Forfeiture (DN 197). The motions are ripe for decision. For the following reasons, Defendant's Motion for Return of Property is **DENIED**, and Defendant's Motion to Vacate Administrative Forfeiture is **GRANTED IN PART** and **DENIED IN PART**.

## I.    STATEMENT OF FACTS

On January 25, 2016, Defendant Phong Q. Nguyen ("Nguyen") pleaded guilty to one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(l), 841(b)(l)(A)(viii), and 846; three counts of possession with intent to distribute methamphetamine (aiding and abetting) in violation of 21 U.S.C. § 841(a)(1) and 841(b)(l)(A)(viii), and 18 U.S.C. § 2; one count of possession with intent to distribute heroin (aiding and abetting) in violation of 21 U.S.C. § 841(a)(1) and 841(b)(l)(B)(i), and 18 U.S.C. § 2; one count of transferring a firearm to a convicted felon (aiding and abetting) in violation of 18 U.S.C. §§ 922(d) and 924(a)(2), and 18 U.S.C. § 2; one count of felon in possession of a firearm

in violation of 18 U.S.C. §§ 922(g)(l) and 924(a)(2); one count of maintaining a premises to distribute drugs (aiding and abetting) in violation of 21 U.S.C. § 856(a)(1) and (b), and 18 U.S.C. § 2; one count of possession with intent to distribute marijuana (aiding and abetting), in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(D), and 18 U.S.C. § 1; and one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). (Plea Agreement 1-2, DN 128). Defendant was sentenced to a term of 120 months of imprisonment on 9 of the 10 counts, and a term of 60 months of incarceration on the remaining count, with the sentences to run concurrently. (J. & Commitment Order 3, DN 162).

Following his incarceration, Nguyen filed the present motions challenging the forfeiture of certain items of personal property and the sufficiency of the notice he received of the pending forfeiture proceeding. The United States has responded to both motions, which are now ripe for adjudication.

## II. DISCUSSION

Defendant seeks to challenge the administrative forfeiture of personal property on the basis that he did not receive notice of the forfeiture. (Def.'s Mot. Vacate Administrative Forfeiture 8-10, DN 197). He has moved also for the return of personal property pursuant to Fed. R. Crim. P. 41(g).[1] (Def.'s Mot. Return Personal Property 1, DN 168). Because the motions are interrelated, they will be addressed together.

In particular, the items of seized property in dispute are as follows:

- 1971 Chevrolet Chevelle SS (VIN: 136671L68290);[2]

_____

[1] While Defendant asserts that his motion is based on Fed. R. Crim. P. 41(e), it is apparent that it is based on Fed. R. Crim. P. 41(g).

[2] While Nguyen has listed the model year of the Chevrolet Chevelle as 1972, it appears that it is actually a 1971 model. (Pl.'s Resp. Def.'s Mot. Vacate Administrative Forfeiture Attach. A, at 48, DN 199-1).

- 2006 Porsche Cayenne S (VIN: WP1AB29P96LA67471);

- 2003 Ford F-150 Harley Davidson edition pickup truck (VIN: 1FTRW07373KB71228);

- 1992 Marader 21-foot pleasure boat (Hull ID: EFJ00386A292);[3]

- 2005 Infiniti FX35 (VIN: JNRAS08W75X216188);

- 2005 Audi A6 (VIN: WAUDG74F55N087373);

- 2007 Audi Q7 (VIN: WA1AY74L57D035432);

- 2005 Audi A6 (VIN: WAUDL74F75N036226);[4]

- 2002 BMW 745 (VIN: WBAGL63442DP58052);

- 2001 BMW X5 (VIN: WBAFA53591LM63229);

- All documents obtained from his residence on Arbor Oak Drive in Louisville, Kentucky;

- Currency garnished from PNC Bank in the amount of $8,591.40; and

- Miscellaneous electronics including laptops, computers, and cell phones.[5]

(Def.'s Mot. Vacate Administrative Forfeiture 1-2). In support of his motions, Nguyen has tendered his declaration in which he asserts that he has an ownership interest in those items,

---

[3] While Nguyen refers to the boat manufacturer as being Marader, it is actually Marada. (Pl.'s Resp. Def.'s Mot. Vacate Administrative Forfeiture Attach. A, at 38).

[4] According to the United States, the 2005 Audi A6 (VIN: WAUDL74F75N036226) was seized by the Louisville Metro Police Department and was never in the possession of the United States. (Pl.'s Resp. Def.'s Mot. Return Personal Property 1-2, DN 169). Therefore, it is unnecessary to address the forfeiture of this vehicle.

[5] The United States has represented that the seized documents from the residence on Arbor Oak Drive and the miscellaneous electronics were returned to Nguyen's father, Kinh Trieu ("Trieu"), on May 23, 2016. (Pl.'s Resp. Def.'s Mot. Return Personal Property 1-2). Nguyen has not presented anything to the contrary to refute the United States' assertions as to those items.

which indicates that he has standing to challenge the notices issued for their forfeiture.[6] (Nguyen Decl. 1-2, DN 200-1). Because the pending motions implicate criminal forfeiture as well as civil forfeiture,[7] the Court will address those issues separately.

### A. Criminal Forfeiture

Fed. R. Crim. P. 32.2, in relevant part, provides that "[a]t sentencing—or at any time before sentencing if the defendant consents—the preliminary forfeiture order becomes final as to the defendant. If the order directs the defendant to forfeit specific property, it remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c)." Fed. R. Crim. P. 32.2(b)(4)(A). In accordance with this rule, the Court granted Plaintiff's Motion for Preliminary Order of Forfeiture relating to a .38 caliber Taurus Unknown Revolver (Serial No. TE33563), the 2002 BMW 745, and the 2001 BMW X5, and the order was sent to Nguyen's counsel via CM/ECF. (Pl.'s Mot. Prelim. Order Forfeiture, DN 136; Prelim. Order Forfeiture, DN 145). The Sixth Circuit has held that "[d]ue process can be satisfied by mailing notice of a forfeiture to a defendant's criminal attorney while the underlying criminal proceeding is pending." *United States v. Burks*, 49 F. App'x 573, 575-76 (6th Cir. 2002) (citations omitted).

---

[6] While Nguyen's declaration references five of the vehicles listed above that are subject to the pending motions, he also lists a 2009 Nissan Maxima (VIN: IN4A5E090839852), a Suzuki GSXR motorcycle (VIN: J51GN7BA9120104985, and a 2008 Suzuki GSRA motorcycle (VIN: JSIGT77AX8210477). Because Nguyen failed to specifically raise any issue in his motions regarding the forfeiture notices for the Nissan Maxima and the two Suzuki GSXR motorcycles, the Court will not address the sufficiency of any notice provided for those items.

[7] As a sister court has explained:

> The theory of criminal forfeiture is completely different from that of civil forfeiture in that because a criminal forfeiture is "*in personam*", its provisions operate as an additional penalty against the defendant. The distinguishing characteristic of criminal forfeiture is that, unlike the *in rem* character of civil forfeiture, the personal guilt of a defendant is at issue.

*United States v. Schmalfeldt*, 657 F. Supp. 385, 387 (W.D. Mich. 1987) (citing *United States v. Long*, 654 F.2d 911 (3d Cir. 1981)).

Thus, service of the criminal forfeiture order on Nguyen's counsel was sufficient to comply with due process requirements for the forfeited property covered by that order.

In addition, the order expressly provided that it "shall be and is hereby fully incorporated and made part of the defendants' Judgment and Commitment, without further order of this Court, to be entered on or about sentencing of the defendants." (Prelim. Order Forfeiture 3). As the Sixth Circuit has noted, "the actual effect of a preliminary forfeiture order is clearly that of a final order as to the defendant. A preliminary forfeiture order terminates all issues presented by the defendant and leaves nothing to be done except to enforce by execution what has been determined." *United States v. Christunas*, 126 F.3d 765, 768 (6th Cir. 1997). When Nguyen was sentenced, the preliminary forfeiture order became a final and appealable judgment. *See United States v. Herring*, No. 14-08-GFVT, 2016 WL 8252931, at *2 (E.D. Ky. July 25, 2016) (citing *Christunas*, 126 F.3d at 768). As a result, "a criminal forfeiture must be challenged on direct appeal from the judgment of conviction . . . ." *Watson v. United States*, Nos. 3:01-CR-55, 3:08-CR-522, 3:01-CR-71, 3:08-CV-523, 2011 WL 4708804, at *6 (E.D. Tenn. Oct. 4, 2011) (citing *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007)).

It is improper for Nguyen to rely on Fed. R. Crim. P. 41(g) or 18 U.S.C. § 985(e)—which address civil forfeitures—to circumvent his obligation to attack the criminal forfeiture on direct appeal. Because Nguyen did not take a direct appeal of his conviction (which he waived the right to do as part of his plea agreement), he is precluded from challenging the criminal forfeiture of the property identified in the forfeiture order. *See Young*, 489 F.3d at 315 (rejecting a defendant's reliance on Fed. R. Crim. P. 41 to challenge a criminal forfeiture order); *Winkelman v. United States*, 494 F. App'x 217, 220 n.4 (3d Cir. 2012) ("[N]either a Rule 41(g) motion nor a civil action under 18 U.S.C. § 983(e) is a proper vehicle for collaterally challenging a criminal

judgment of forfeiture." (citations omitted)). Thus, to extent that Nguyen seeks to challenge the criminal forfeiture order, the motions are denied.

### B.     Civil Forfeiture

In addition to the property subject to the criminal forfeiture, the Court must also address the civil forfeiture aspect to this case. The Civil Asset Forfeiture Reform Act, 18 U.S.C. § 983, provides that motions filed pursuant that statute "shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5). As a sister court has explained, "this remedy is only available to individuals who are 'entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who [do] not receive such notice.'" *Ingram v. IRS*, No. 5:16-270-KKC, 2016 WL 6476955, at *2 (E.D. Ky. Oct. 31, 2016) (citations omitted). "The Court lacks jurisdiction to review the merits of the forfeiture determination, but can only review the procedures followed." *In re Seizure of $143,265.78 from Comerica*, 616 F. Supp. 2d 699, 705 (E.D. Mich. 2009) (citing *Mesa Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005)).

In relevant part, 18 U.S.C. § 983 provides:

> Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if—
>> **(A)**     the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>> **(B)**     the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1). A forfeiture notice must "be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of [an] action and afford them an opportunity to present their objections." *Dusenbery v. United State*s, 534 U.S. 161, 168 (2002)

(citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). The Supreme Court has clarified that this duty does not require a seizing entity to "*provide* actual notice, [only] that it *must attempt to provide* actual notice." *Id.* at 701.

Nguyen argues that he is entitled to relief under this statute because he did not receive notice of the civil forfeitures. (Def.'s Mot. Vacate Administrative Forfeiture 8-10). To the extent the United States attempted to provide some notice, he also maintains that the United States could have done more to apprise him of the civil forfeiture proceedings. (Def.'s Mot. Vacate Administrative Forfeiture 9-10). However, "[f]or due process purposes, the focus must be on the constitutional adequacy of the statutory procedure and not on whether some additional effort in a particular case would have in fact led to a more certain means of notice." *Karkoukli's, Inc. v. Dohany*, 409 F.3d 279, 284 (6th Cir. 2005) (citation omitted). "The mere fact that more could have been done does not make the effort at notice constitutionally suspect." *In re Seizure of $143,265.78 from Comerica*, 616 F. Supp. 2d at 707 (citing *Karkoukli's, Inc.*, 409 F.3d at 284).

Nguyen's reliance on *Weng v. United States*, 137 F.3d 709 (2d Cir. 1998) is entirely misplaced. He cited *Weng* for the principle that a forfeiture notice mailed to jail or prison is insufficient to comply with due process requirements. (Def.'s Mot. Vacate Administrative Forfeiture 8). *Weng*, however, was abrogated in *Dusenbery v. United States* in 2002. In *Dusenbery*, the FBI sent notices of forfeiture by certified mail to the defendant at a correctional facility. *See Dusenbery*, 534 U.S. at 168-69. The Supreme Court held that such notices may satisfy the government's due process obligations. *See id.* at 169-70. Likewise, to the extent that Nguyen relies on *United States v. Ray*, No. 96-3351, 114 F.3d 1190, 1997 WL 259361 (6th Cir. May 15, 1997), to challenge the delivery of forfeiture notices to his place of incarceration as

being per se deficient, that case has been essentially abrogated by *Dusenbery*, as discussed above.

### 1.    *Forfeited Items Where Notice Was Sent to Marion County Jail*

While Nguyen denies receipt of any notice of civil forfeiture, the United States has presented evidence to the contrary for many of the items subject to forfeiture.[8]  On August 27, 2014, the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF") issued a Notice of Seizure and Administrative Forfeiture Proceeding for the $8,591.40 in currency from PNC Bank. (Pl.'s Resp. Def.'s Mot. Vacate Administrative Forfeiture Attach. A, at 10).  On August 28, 2014, this notice was sent via Fed Ex addressed to Nguyen at the Cristland Road address (which is Nguyen's parents' residence) in Louisville and was delivered on September 2, 2014.  (Pl.'s Resp. Def.'s Mot. Vacate Administrative Forfeiture Attach. A, at 10-12).  On September 10, 2014, the ATF issued a Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings for the $8,591.40 in currency from PNC Bank, which was sent via Fed Ex to Nguyen at the Marion County Jail and was delivered on September 12, 2014.  (Pl.'s Resp. Def.'s Mot. Vacate Administrative Forfeiture Attach. A, at 3-4, 6-7).  In addition, the ATF published a notice of seizure and intent to forfeit for thirty consecutive days (from August 25, 2014, to September 23, 2014), on www.forfeiture.gov, and no claim was timely made.  (Pl.'s Resp. Def.'s Mot. Vacate Administrative Forfeiture Attach. A, at 9).  On May 28, 2015, the ATF declared the currency forfeited.  (Pl.'s Resp. Def.'s Mot. Vacate Administrative Forfeiture Attach. A, at 9).

There is also evidence regarding efforts to notify Nguyen of the forfeiture proceedings for the 2005 Infiniti FX35, the 2005 Audi A6, and the 2007 Audi Q7 seized by the United States.

---

[8] As the United States notes, the sufficiency of the forfeiture notices was not originally raised in Nguyen's Fed. R. Crim. P. 41(g) motion; instead Nguyen first raised the issue more than a year later when he replied to the United States' response to that motion.

On August 6, 2014, the ATF issued a Notice of Seizure and Administrative Forfeiture Proceeding for the vehicles, which was sent via Fed Ex addressed to Nguyen at the Cristland Road address in Louisville and was delivered on August 11, 2014. (Pl.'s Resp. Def.'s Mot. Vacate Administrative Forfeiture Attach. A, at 19-20, 24). On September 2, 2014, the ATF issued a Notice of Seizure and Administrative Forfeiture Proceeding for the vehicles, which was sent via Fed Ex addressed to Michelle Ignacio ("Ignacio"), Nguyen's girlfriend and co-defendant, at the Cinnamon Place address in Louisville and was delivered on September 5, 2014. (Pl.'s Resp. Def.'s Mot. Vacate Administrative Forfeiture Attach. A, at 26-29). On September 4, 2014, the ATF issued a Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings for these vehicles, which was sent via Fed Ex to Nguyen at the Marion County Jail and was delivered on September 5, 2014. (Pl.'s Resp. Def.'s Mot. Vacate Administrative Forfeiture Attach. A, at 14-18). For the 2005 Infiniti FX35 and the 2005 Audi A6, the ATF published a notice of seizure and intent to forfeit for thirty consecutive days (from September 22, 2014, to October 21, 2014), on www.forfeiture.gov, and no claim was timely made. (Pl.'s Resp. Def.'s Mot. Vacate Administrative Forfeiture Attach. A, at 21-22). For the 2007 Audi Q7, the ATF published a notice of seizure and intent to forfeit for thirty consecutive days (from September 22, 2014, to October 21, 2014), on www.forfeiture.gov, and no claim was timely made. (Pl.'s Resp. Def.'s Mot. Vacate Administrative Forfeiture Attach. A, at 23-24). On May 26, 2015, the ATF declared the 2007 Audi Q7 forfeited, and on May 30, 2015, the agency declared the 2005 Infiniti FX35 and the 2005 Audi A6 forfeited. (Pl.'s Resp. Def.'s Mot. Vacate Administrative Forfeiture Attach. A, at 21-24).

The United States has also provided evidence regarding its efforts to provide notice to Nguyen regarding the 1992 Marada 21-foot pleasure boat. On August 6, 2014, the ATF issued a

Notice of Seizure and Administrative Forfeiture Proceeding for the boat, which was sent via Fed Ex addressed to Nguyen at the Cristland Road address in Louisville and was delivered on August 11, 2014. (Pl.'s Resp. Def.'s Mot. Vacate Administrative Forfeiture Attach. A, at 41, 43-44). On September 4, 2014, the ATF issued a Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings for the boat, which was sent via Fed Ex to Nguyen at the Marion County Jail and was delivered on September 5, 2014. (Pl.'s Resp. Def.'s Mot. Vacate Administrative Forfeiture Attach. A, at 36-37, 39-40). In addition, the ATF published a notice of seizure and intent to forfeit for thirty consecutive days (from September 22, 2014, to October 21, 2014), on www.forfeiture.gov, and no claim was timely made. (Pl.'s Resp. Def.'s Mot. Vacate Administrative Forfeiture Attach. A, at 36). On March 30, 2015, the ATF declared the boat forfeited. (Pl.'s Resp. Def.'s Mot. Vacate Administrative Forfeiture Attach. A, at 36).

The United States also references recorded telephone conversations from the Marion County Jail between Nguyen and Ignacio. (Pl.'s Verified Supplemental Resp. Def.'s Mot. Return Personal Property 3, DN 183). It asserts that Nguyen repeatedly requested that Ignacio have his attorney take steps to recover the forfeited property and reflect a general awareness on Nguyen's part that property was being forfeited. (Pl.'s Verified Supplemental Resp. Def.'s Mot. Return Personal Property 3). While those recordings were purportedly provided to Nguyen's counsel, the recordings were not provided to the Court. At best, those recording apparently show Nguyen's general awareness of the impending forfeitures, but without the recordings, the Court cannot consider them as evidence in ruling on these motions.

In light of the notices sent above to Nguyen at the Marion County Jail and other addresses,[9] the Court finds that United States took reasonable steps to apprise him of the impending forfeiture of the $8,591.40 in currency from PNC Bank, the 2005 Infiniti FX35, the 2005 Audi A6, the 2007 Audi Q7, and the 1992 Marada 21-foot pleasure boat. Nguyen received notice of the impending forfeitures, and he failed to timely assert a claim to these items. Accordingly, Defendant's Motion to Vacate the Administrative Forfeiture will be denied on this basis as to these items.

**2.     *Forfeited Items Where Notice Was Not Sent to Marion County Jail***

Issues remain, however, regarding the sufficiency of notice Nguyen received for the forfeiture of the 1971 Chevrolet Chevelle SS, the 2006 Porsche Cayenne S, and the 2003 Ford F-150 Harley Davidson edition pickup truck. Unlike the items discussed above, the United States did not send any notice to Nguyen at the Marion County Jail regarding these vehicles even though the United States clearly knew that he was an inmate there.

On July 22, 2015, the ATF issued a Notice of Seizure and Administrative Forfeiture Proceeding for these vehicles, which was sent via Fed Ex addressed to Ignacio at the Cinnamon Place address in Louisville and was delivered on July 27, 2015. (Pl.'s Resp. Def.'s Mot. Vacate Administrative Forfeiture Attach. A, at 53-54, 57-58). On August 6, 2014, the ATF issued a Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings for these vehicles, which was sent via Fed Ex addressed to Nguyen at the Cristland Road address in Louisville and was delivered on August 11, 2014. (Pl.'s Resp. Def.'s Mot. Vacate Administrative Forfeiture Attach. A, at 46-48, 51-52). In addition, the ATF published a notice of seizure and intent to forfeit for thirty consecutive days (from September 22, 2014, to October 21,

---

[9] Defendant has also tendered a declaration from Trieu, in which Trieu acknowledges receipt of notices of forfeiture at his residence on Cristland Road in Louisville. (Trieu Decl. 1, DN 200-2).

2014), on www.forfeiture.gov, and no claim was timely made. (Pl.'s Resp. Def.'s Mot. Vacate Administrative Forfeiture Attach. A, at 55-56). On August 31, 2015, the ATF declared these vehicles forfeited. (Pl.'s Resp. Def.'s Mot. Vacate Administrative Forfeiture Attach. A, at 55-56).

The fact that the notices were sent to the Cristland Road address in Louisville addressed to Nguyen reflects the United States' belief that he had some ownership interest in those items. Given the United States' knowledge of Nguyen's incarceration, however, the Court finds that the mailing of the notices to that address was unreasonable and insufficient for these items when the United States could have served Nguyen at the Marion County Jail as it did for other items of personal property. While Nguyen may have had a general understanding that property was subject to forfeiture, the record is not clear that he knew or had reason to know that these three items were being forfeited. Accordingly, the Court will grant Defendant's Motion to Vacate the Administrative Forfeiture as to these items and set aside their forfeiture.

### 3. *Forfeited Items Subject to Criminal Forfeiture*

As discussed above, the Court previously entered a forfeiture order, which applied to, *inter alia*, the forfeiture of the 2001 BMW X5 and the 2002 BMW 745. Accordingly, Nguyen is precluded from attacking the forfeiture of these items because he did not challenge that order on direct appeal to the Sixth Circuit. Defendant's Motion to Vacate the Administrative Forfeiture will be denied as to these items.

### III. <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion for Return of Property (DN 168) is **DENIED**; and

2.     Defendant's Motion to Vacate Administrative Forfeiture (DN 197) is **GRANTED IN PART** and **DENIED IN PART**.  Because the United States did not provide sufficient notice to apprise Defendant of the civil forfeiture of the 1971 Chevrolet Chevelle SS (VIN: 136671L68290), 2006 Porsche Cayenne S (VIN:  WP1AB29P96LA67471), and 2003 Ford F-150 Harley Davidson edition pickup truck (VIN:  1FTRW07373KB71228), the forfeiture of those items is **SET ASIDE WITHOUT PREJUDICE**.  For the remaining property, this motion is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
October 5, 2017

cc:     counsel of record